[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10617
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00031-JES-CM

NATIONAL CITY BANK,

Plaintiff-Appellee,

versus

OWEN BEDASEE,
SANDIE BEDASEE,

Defendants-Appellants,

FIRST FRANKLIN FINANCIAL CORPORATION, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 10, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Owen and Sandie Bedasee, pro se, appeal the district court's order remanding their case to Florida state court for lack of removal jurisdiction under 28 U.S.C. § 1443(1).  After careful review, we affirm.

The Bedasees, acting pro se, filed a notice of removal to federal court of a foreclosure action filed against them in a Florida state court by National City Bank (the "Bank").  In their removal notice, the Bedasees stated that they were removing the case in accordance with 28 U.S.C. § 1443 and other provisions not relevant to this appeal.  More specifically, the Bedasees contended that the Bank's foreclosure action violated the Bedasees' constitutional rights under the Due Process Clause of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment, and 42 U.S.C. § 1983.  They also argued that the state court did not allow them to produce documents that would have relieved them from liability.  Finally, the Bedasees asserted that the state court failed to determine whether it had subject-matter jurisdiction over the Bank's complaint.

The district court *sua sponte* remanded the case to the state court.  It noted that this was the Bedasees' second attempt to remove the same foreclosure action and that the state court had entered a final judgment in the case.  Citing the *Rooker-*

2

*Feldman* doctrine,[1] the district court determined that it lacked subject-matter jurisdiction because the Bedasees could not relitigate the state-court proceedings in federal court. The Bedasees filed a timely notice of appeal.

The Bank then moved to dismiss this appeal, arguing that we lacked appellate jurisdiction under § 1447(d) to review the district-court order. We granted in part and denied in part the Bank's motion. We dismissed the Bedasees' appeal to the extent that it challenged the district court's remand for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. But we denied the Bank's motion in part and allowed the appeal to proceed to the extent that it challenged the district court's implicit determination that removal under § 1443 was improper. We now conclude that the district court did not err in finding removal under § 1443 to be improper.

We review de novo whether a district court had federal subject-matter jurisdiction following removal. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780-81 (11th Cir. 2005).

Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed by the defendant to the district court in the district embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Under § 1443(1), a defendant may remove a civil action to a federal

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

district court if, in state court, she was denied her rights under a "law providing for the equal rights" of persons in the United States. *Id.* § 1443(1).

A removal petition filed under § 1443(1) must satisfy the two-prong test developed in *Georgia v. Rachel*, 384 U.S. 780 (1966). First, the petitioner must show that the right upon which her petition relies "arises under a federal law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792. Second, the petitioner must show that she was denied that right in state court or that she otherwise could not enforce it there. *Id.* at 794.

The Supreme Court has specifically held that neither the Due Process Clause of the Fourteenth Amendment nor 42 U.S.C. § 1983 can be the basis for removal jurisdiction under § 1443(1), because those laws confer broad rights that are generally available to all persons and are not stated in terms of racial equality. *Id.* at 792; *Alabama v. Conley*, 245 F.3d 1292, 1295–96 (11th Cir. 2001). As for the Takings Clause, it likewise is not phrased in terms of the "specific language of racial equality." *Rachel*, 384 U.S. at 792. As a result, under *Rachel*, the Takings Clause cannot serve the basis for removal jurisdiction under § 1443(1) any more than can the Due Process Clause of the Fourteenth Amendment or 42 U.S.C. § 1983.

For these reasons, the district court properly determined that the Bedasees could not remove this litigation under § 1443(1), because they failed to satisfy the

two-prong test under *Rachel*. First, where the Bedasees argued that their rights under the Due Process Clause, the Takings Clause, and § 1983 were violated, they failed to meet the first prong of the *Rachel* test since those sections do not confer rights in terms of racial equality but instead provide more generally applicable rights. *See Rachel*, 384 U.S. at 792; *Conley*, 245 F.3d at 1295–96. And second, the Bedasees did not demonstrate that they were denied or otherwise could not enforce their rights under these provisions in state court. *See Rachel*, 384 U.S. at 794. Accordingly, we affirm.

**AFFIRMED.**